IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    *Plaintiff*,

v.                                                  Civ. No. 1:19-cv-00122

$14,800.00 IN UNITED STATES CURRENCY,

    *Defendant-in-rem.*

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

Plaintiff, United States of America, brings this complaint in accordance with Supplemental Rule G(2) of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions, and alleges as follows:

**NATURE OF THE ACTION**

1.    This is a civil action to forfeit and condemn to the use and benefit of the United States of America property involved in violations of the Controlled Substances Act and 18 U.S.C. § 1952 that is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. §981(a)(1)(C).

**DEFENDANT *IN REM***

2.    The defendant *in rem* consists of the following:

    i.    Fourteen Thousand Eight Hundred Dollars ($14,800.00) in United States Currency, (hereafter referred to as "Defendant Currency").

3.    The Defendant Currency was seized by the Department of Homeland Security, U.S. Customs and Border Protection on September 26, 2018, in the District of New Mexico.

4. The Defendant Currency is now, and during the pendency of this action will be, in the jurisdiction of this Court.

## JURISDICTION AND VENUE

5. The United States District Court for the District of New Mexico has subject matter jurisdiction under 28 U.S.C. §§ 1345, 1355(a) and 1356.

6. Venue for this civil forfeiture action is proper in this district pursuant to 28 U.S.C. §§ 1355 and 1395, as acts or omissions giving rise to the forfeiture took place in this district and the property is found in this district. Upon the filing of this complaint, the Defendant Currency will be arrested by execution of a Warrant for Arrest *In Rem* in the District of New Mexico.

## FACTS

7. On September 26, 2018, Customs and Border Protection (CBP) Senior Patrol Agent Montellano was assigned to an inspection checkpoint on Interstate 25, north of Las Cruces, New Mexico.

8. At approximately 8:25 P.M. a red Mercedes Benz entered the inspection area. The driver, later identified as Alec Daniel Barbour. Barbour declared U.S. citizenship, but was pale and rigid and did not know the last name or address for the person he claimed to have visited in Las Cruces.

9. During Barbour's questioning the odor of marijuana emanated from the car. Barbour consented to a search of the car's trunk. During the inspection, the Agent noticed several large duffel bags, which smelled of marijuana and contained marijuana residue. In addition, there was a plastic vacuum sealed bag. Barbour claimed that he used the duffel bags for camping. Barbour was referred to the secondary inspection area.

10. In the secondary inspection area, Agent J. Rivera obtained consent from Barbour to conduct a canine sniff of the car. The canine alerted. Agent J. Rivera asked Barbour whether he had narcotics or large amounts of currency in the car. Barbour responded that there was a small amount of currency in the console. In the console was a large brick of U.S. Currency wrapped in rubber bands and a cellular flip phone.

11. Barbour said the flip phone was not his and that he obtained the currency from printing T-shirts. The canine later alerted to the currency.

12. Barbour has a criminal history of arrests and convictions for possession of Marijuana for sale.

13. A count of the U.S. currency totalled $14,800.00.

### FIRST CLAIM FOR RELIEF

14. The United States incorporates by reference the allegations in paragraphs 1 through 13 as though fully set forth.

15. Title 21, United States Code, Section 881(a)(6) subjects to forfeiture "[a]ll moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter."

16. Defendant Currency was furnished, or intended to be furnished, in exchange for a controlled substance, or constitutes proceeds traceable to such an exchange, or was used or intended to be used to facilitate a violation of the Controlled Substances Act and is thus subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

## SECOND CLAIM FOR RELIEF

17. The United States incorporates by reference the allegations in paragraphs 1 through 19 as though fully set forth.

18. The 18 U.S.C. § 981(a)(1)(C) provides, in part, for the forfeiture of any property, real or personal property which constitutes or is derived from proceeds traceable to an offense constituting a "specific unlawful activity" (SUA) as defined in 18 U.S.C. § 1956(c)(7), or conspiracy to commit such offense.

19. 18 U.S.C § 1952 prohibits interstate and foreign travel or transportation with the intent to (1) distribute the proceeds of any unlawful activity; (2) commit any crime of violence to further any unlawful activity; or (3) otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, or any unlawful activity. Unlawful activity is defined in 18 U.S.C. § 1952(b).

20. Defendant Currency is the proceeds of a violation of 18 U.S.C § 1952 or is the proceeds traceable to such property and, is thus subject to forfeiture to the United States pursuant to 18 U.S.C § 981(a)(1)(C).

WHEREFORE: Plaintiff seeks arrest of Defendant Currency and forfeiture of same to Plaintiff, determination of the validity and priority of claims of the Claimants and any Unknown Claimants to the Defendant Currency, costs and expenses of seizure and of this proceeding, and other proper relief.

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

*/s/*

STEPHEN R. KOTZ
KRISTOPHER JARVIS
Assistant U.S. Attorneys
200 N. Church Street
Las Cruces, NM 88001
(575) 522-2304

## 28 U.S.C. § 1746 DECLARATION

I am a Special Agent with the Department of Homeland Security, U.S Customs and Border Protection who has read the contents of the Complaint for Forfeiture *In Rem* to which this Declaration is attached; and the statements contained in the complaint are true to the best of my knowledge and belief.

I declare under penalty of perjury and the laws of the United States of America that this Declaration is true and correct, except as to matters stated on information and belief, and as to those matters I believe them to be true.

Dated: 2-12-19

_____
Florencio Montellano, Senior Patrol Agent
Department of Homeland Security, U.S. Customs
and Border Protection

JS 44   (Rev. 12/12)  **CIVIL COVER SHEET**

### I. (a) PLAINTIFFS
United States of America

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorneys (Firm Name, Address, and Telephone Number)

### DEFENDANTS
$14,800.00 IN UNITED STATES CURRENCY

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [x] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question (U.S. Government Not a Party)
- [ ] 4  Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury – Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**
Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of

**FORFEITURE/PENALTY**
- [x] 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

### V. ORIGIN (Place an "X" in One Box Only)
- [x] 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District (specify)
- ☐ 6 Multidistrict Litigation

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(C)
Brief description of cause:

### VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes   No

### VIII. RELATED CASE(S) IF ANY
(See instructions):    JUDGE _____   DOCKET NUMBER _____

DATE 2/13/2019    SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

7